UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CIVIL ACTION

IN THE MATTER OF MARQUETTE
TRANSPORTATION COMPANY GULF-          NO. 13-5114
INLAND, LLC, AS OWNER AND
OPERATOR OF THE TOWING VESSEL
FATHER SEELOS, ETC.

SECTION: R

**ORDER**

Before the Court is Limitation Plaintiff Marquette Transportation Company Gulf-Inland, LLC's ("Marquette") motion to reinstate the Court's July 31, 2013 Order restraining prosecution of any and all claims against Marquette arising out of the July 7, 2013 collision between FATHER SEELOS and a vessel owned by John Tran. Marquette contends that reinstatement is necessary because a new party, Kirby Inland Marine, LP, ("Kirby") has filed claims against Marquette that jeopardize Marquette's ability to limit its liability. Because Kirby is a "claimant" under the Limitation of Liability Act and has not filed stipulations that adequately protect Marquette's right to limitation, the Court GRANTS Marquette's motion to reinstate the stay.

I.   **Background**

On July 18, 2013, Marquette, as owner and operator of the towing vessel FATHER SEELOS, filed a complaint seeking exoneration from or limitation of liability regarding any loss, damage or

injury caused by a collision between FATHER SEELOS and a vessel owned by John Tran. On July 31, 2013, the Court issued an order that restrained, stayed, and enjoined the further prosecution of any and all actions arising from the aforementioned collision.[1]

After the Court ordered the stay, claimants Susan Tran (individually and as a personal representative and widow of the decedent, John Tran, on behalf of herself and her minor child, Marsha Tran), Quoc Tran, Jeanie Tran, and Nancy Pham filed a stipulation agreeing that Marquette is entitled to litigate all issues relating to limitation of liability in federal court and waiving any claim of *res judicata* relevant to any issue related to limitation of liability based on any judgment in any court other than this one.[2] Claimants further stipulated that they would not seek or enforce any judgment in excess of the value of the FATHER SEELOS and her freight pending the adjudication in this Court of the petition seeking limitation of liability.[3]  Finding that the stipulations adequately protected Marquette's right to seek limitation of its liability, the Court lifted the stay "for the limited purpose of permitting the aforementioned claimants to pursue an action against Marquette in Louisiana state court."[4]

---

[1] R. Doc. 5.

[2] R. Doc. 22 (hereinafter "Tran stipulations").

[3] *Id.*

[4] R. Doc. 27.

After the Court lifted the stay, the Tran claimants filed a Petition for Damages against Kirby Inland Marine, LP ("Kirby") in Louisiana state court.[5]  FATHER SEELOS was towing two barges owned by Kirby when the accident at issue occurred.  After receiving the petition, Kirby filed an answer and claim in this Limitation action seeking indemnity and contribution from Marquette for "all survey fees, attorney's fees or any other related costs."[6]  Kirby has not signed or otherwise agreed to be bound by the Tran stipulations.

Marquette now moves the Court to "reinstate its July 30, 2013 Order restraining prosecution of claims against Marquette arising out of the collision between a vessel owned by John Tran and the towing vessel *Father Seelos*."[7]  Marquette contends that such an order is necessary to adequately protect Marquette's rights under the Limitation of Liability Act ("Limitation Act").  46 U.S.C. § 30501, *et seq*.  Neither Kirby nor the Tran claimants have filed an opposition.

---

[5] Counsel for Kirby represents that Tran's service of the petition on Kirby in the state court action was the first notice Kirby received of any litigation relating to its barges.  R. Doc. 28.

[6] R. Doc. 30 at 5.

[7] R. Doc. 32-1 at 4.

3

## II. Discussion

The Limitation Act establishes exclusive federal jurisdiction to allow a shipowner to limit liability for damages arising from a maritime accident to "the value of the vessel and pending freight." 46 U.S.C. § 30505(a). "A shipowner's right to limitation, however, is cabined by the 'saving to suitors' clause." *Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996). While the Limitation Act grants exclusive federal jurisdiction to limit a shipowner's liability, the savings to suitors clause "evinces a preference for jury trials and common law remedies in the forum of the claimants choice." *Id. See also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001)("One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court."). Although tension exists between the Limitation Act and the savings to suitors clause, "the [district] court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Magnolia Marine Transport Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992).

In reconciling the right of shipowners to limit their liability in federal court with the rights of claimants to sue in the forum of their choice, courts have recognized two instances where a federal court must allow a state court action to proceed:

(1) when the total amount claimed does not exceed the value of the vessel and pending freight; or (2) when all claimants stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not attempt to enforce an award greater than the liability cap determined by the federal court. *In re Bertucci Contracting Co.*, 544 F. App'x 308, 317 n.8 (5th Cir. 2013)(*citing Odeco Oil*, 74 F.3d at 674). In either situation, permitting an action to proceed in state court is contingent on protecting the shipowner's "absolute" right to limit his or her liability. *In re Complaint of Port Arthur Towing Co. ex. rel. M/V MISS CAROLYN*, 42 F.3d 312, 316 (5th Cir. 1995), *cert. denied,* 516 U.S. 823 (1995).

Here, Kirby's indemnity and contribution claims jeopardize Marquette's statutory right to limited liability. The Fifth Circuit has held that parties seeking contribution and indemnity are "claimants" within the meaning of the Limitation Act. *See, e.g., In re Complaint of Port Arthur Towing Co.*, 42 F.3d at 316 (recognizing that "a 'claimant' in this context includes a codefendant who is asserting a cross claim for indemnification, costs, and attorneys' fees"); *In re ADM/Growmark River System, Inc.*, 234 F. 3d 881, 886 (5th Cir. 2000) (recognizing that "parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act")(*citing Odeco Oil*, 74 F.3d at 675). Kirby has not joined or

otherwise agreed to be bound by the Tran stipulations.  Thus, Kirby is a "claimant" under the Limitation Act who has not stipulated to the conditions necessary to safeguard Marquette's limitation rights.  *See In re ADM/Growmark River System, Inc.*, 234 F.3d at 885-86 ("In order for claims to proceed in state court after an exoneration or limitation action has been filed in federal court, *all claimants* must sign a stipulation protecting the vessel owner's rights under the Limitation Act.")(emphasis in original).

Because Kirby has not filed the necessary stipulations, the Court must reinstate the stay to protect Marquette's "absolute" right to limit its liability.  *In re Complaint of Port Arthur Towing Co.*, 42 F.3d at 316.  *See also Lewis & Clark Marine*, 531 U.S. at 454 ("If the district court concludes that the vessel owner's right to limitation will not be adequately protected-- where for example a group of claimants cannot agree on appropriate stipulations . . . the court may proceed to adjudicate the merits, deciding the issues of liability and limitation.").

## III. Conclusion

For the foregoing reasons, Marquette's motion to reinstate the stay is GRANTED.  Accordingly,

IT IS HEREBY ORDERED that the prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all suits,

6

actions, or proceedings, of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against Limitation Plaintiff, against the towing vessel FATHER SEELOS, her officers and crew, against any property of Limitation Plaintiff, or against Limitation Plaintiff's employees or underwriters except in this action, to recover damages for or in respect of any loss, damage or injury, occasioned or incurred on the said voyage of the towing vessel FATHER SEELOS as alleged in the Complaint, be and they hereby are restrained, stayed, and enjoined until the hearing and determination of this action.

IT IS FURTHER ORDERED that the pretrial conference and trial dates are hereby continued.  The parties are to participate in a telephone scheduling conference with the Court's case manager on October 30, 2014 at 11:00 a.m. for the purpose of scheduling new trial and pre-trial conference dates and discussion of the status and discovery cut-off dates.

New Orleans, Louisiana, this 22nd day of October, 2014.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE