UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CIVIL ACTION

IN THE MATTER OF
MARQUETTE TRANSPORTATION
COMPANY GULF-INLAND, LLC,          NO: 13-5114
AS OWNER AND OPERATOR OF
THE TOWING VESSEL FATHER
SEELOS, ETC.

SECTION: R

## ORDER AND REASONS

Limitation plaintiff Marquette Transportation Company Gulf-Inland, LLC moves the Court for judgment on the pleadings with respect to the Tran claimants' claims for unseaworthiness, negligent hiring and negligent retention, gross negligence, and punitive damages.[1]   For the following reasons, the Court grants the motion.

## I.    BACKGROUND

This case arises out of a July 7, 2013 collision between the FATHER SEELOS, a towing vessel owned and operated by Marquette Transportation Company Gulf-Inland, LLC ("Marquette"), and a fishing vessel owned by

---

[1] R. Doc. 58.

John Tran.[2]   The collision occurred while the FATHER SEELOS was pushing barges in the territorial waters of the State of Texas.[3]   As a result of the collision, the fishing vessel was destroyed and John Tran was killed.[4]

On July 18, 2013, Marquette filed a complaint seeking exoneration from or limitation of liability under 46 U.S.C. § 30501, *et seq.*[5]   Marquette also posted a bond for the limitation fund in the amount of $3,300,000 (the alleged value of the FATHER SEELOS and her pending freight).   The Court then stayed all actions arising out of the collision and ordered that any claimant seeking recovery for any loss, damage, or injury caused by the collision must file his or her claim with this Court by October 25, 2013. [6]

On October 23, 2013, claimants Susan Tran (individually and as a personal representative of the decedent, John Tran, on behalf of herself and her minor child, Marsha Tran), Quoc Tran, Jeanie Tran, and Nancy Pham filed a claim against Marquette under general maritime law and the

---

[2] R. Doc. 1 at 2.

[3] *Id.*

[4] *Id.* at 3.

[5] R. Doc. 1.

[6] R. Doc. 5.

2

survival and wrongful death laws of Texas and/or Louisiana.[7]   In their
Amended Claim, the Tran claimants allege that the negligence and/or gross
negligence of Marquette and the unseaworthiness of the FATHER SEELOS
caused John Tran's death.[8]   Specifically, the Tran claimants allege that
Marquette drove the FATHER SEELOS on the wrong side of the navigable
channel and failed to, among other things, keep a proper lookout and
maintain a safe distance between the FATHER SEELOS and John Tran's
fishing vessel.[9]   The Tran claimants further allege that Marquette was
negligent in hiring and retaining Timothy David Kass, the captain of the
FATHER SEELOS at the time of the collision.[10]   The Tran claimants seek
compensatory damages, as well as punitive damages under general
maritime law.[11]

Marquette now moves for judgment on the pleadings concerning the
Tran claimants' unseaworthiness, negligent hiring and negligent retention,

---

[7] R. Doc. 7.

[8] R. Doc. 54 at 2-3.

[9] *Id.*

[10] *Id.* at 3.

[11] *Id.* at 3-4.

gross negligence, and punitive damages claims.[12]  Marquette argues that the Tran claimants cannot maintain an unseaworthiness claim against Marquette as the owner of the FATHER SEELOS because John Tran was not a crew member of that vessel.  As to the remaining claims, Marquette argues that the Tran claimants' allegations are conclusory and insufficient to satisfy the pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure.

## II.   LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate if the matter can be adjudicated by deciding questions of law rather than factual disputes.  *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002).  It is subject to the same standard as a motion to dismiss under Rule 12(b)(6).  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads

---

[12] R. Doc.

facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

Marquette moves for judgment on the pleadings on the Tran claimants' claims for unseaworthiness, negligent hiring and negligent retention, gross negligence, and punitive damages.   The Court addresses each claim in turn.

### A.    Unseaworthiness

Marquette argues that the Tran claimants cannot maintain an unseaworthiness claim against Marquette as the owner of the FATHER SEELOS because John Tran was not a crew member of that vessel.[13]   The Tran claimants do not argue against this conclusion.

A shipowner's duty to provide a seaworthy vessel is an absolute and nondelegable duty which "the owner of a vessel owes *to the members of the crew who man her*."   *United New York & New Jersey Sandy Hook Pilots Ass'n v. Halecki*, 358 U.S. 613, 616 (1959) (emphasis added).   The duty of seaworthiness requires the shipowner to furnish the crew with a vessel, and its appurtenances, that are reasonably fit for their intended uses.   *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960).   With a narrow exception,

---

[13] R. Doc. 58-1 at 3.

6

not applicable here,[14] a plaintiff cannot assert an unseaworthiness cause of action against a vessel on which he is not a crew member.  *See, e.g.*, *Coakley v. SeaRiver Mar., Inc.*, 319 F. Supp. 2d 712, 714 (E.D. La. 2004), *aff'd*, 143 F. App'x 565 (5th Cir. 2005) (holding that seaman working on a barge while employed as a crewman of a tow vessel could not maintain an unseaworthiness action against the barge owner); *Speer v. Taira Lynn Marine, Ltd.*, Inc., 116 F. Supp. 2d 826, 829 (S.D. Tex. 2000) ("In order to bring an unseaworthiness cause of action, plaintiff must be a member of the crew of the vessel on which he suffered his injury.").

Here, the Tran claimants do not allege that John Tran was a crew member aboard the FATHER SEELOS.  Their claim is that John Tran was

---

[14] In *Sea Shipping Co. v. Sieracki*, the United States Supreme Court extended the unseaworthiness cause of action to longshoremen employed by an independent contractor but doing the work of a seaman aboard ship. 328 U.S. 85, 99 (1946). But in 1972, Congress amended the Longshoremen's and Harbor Workers' Compensation Act (LHWCA) to add 33 U.S.C. § 905(b), which effectively abolished the *Sieracki* unseaworthiness cause of action.  *Edmonds v. Compagnie Generale Transatlantique*, 443, U.S. 256, 262 (1979).  The *Sieracki* cause of action is still available to certain workers who are not subject to the LHWCA.  *See Aparicio v. Swan Lake*, 643 F.2d 1109, 114 (5th Cir. Unit At 1981) (holding that federally-employed worker not covered by the LHWCA had a *Sieracki* claim).  But the Tran claimants do not claim that John Tran was a *Sieracki* seaman, and such an claim would be meritless under Fifth Circuit law.  *See Smith v. Harbor Towing & Fleeting, Inc.*, 910 F.2d 312, 314 (5th Cir. 1990) (declining to extend *Sieracki* seaman status to seaman injured on vessels on which they are not crew members).

7

operating a different vessel when it was struck by the FATHER SEELOS. Thus, the Tran claimants fail to state an unseaworthiness claim against Marquette as a matter of law, and the Court grants Marquette's motion to judgment on the pleadings with respect to this claim.

### B.    Negligent Hiring/Retention

Marquette argues that the Tran claimants fail to allege facts to support claims of negligent hiring and negligent retention of Kass, the captain of the FATHER SEELOS.  Specifically, Marquette contends that the Tran claimants' claim offers labels and conclusions, and does not allege facts suggesting that Marquette failed to inquire into Kass's qualifications or that a lack of inquiry was a legal cause of the collision.[15]

To state a claim for negligence under general maritime law, a plaintiff must allege "that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by the plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury."  *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010) (quoting *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000)).  As to causation a party's negligence is actionable only if it is the

---

[15] R. Doc. 58-1 at 5.

8

"legal cause" of the plaintiff's injuries. *Id.* The Fifth Circuit defines legal cause as "something more than but for causation," meaning that "the negligence must be a substantial factor" in causing the injuries. *Id.*

Here, the Tran claimants fail to plausible allege that Marquette was negligent in hiring and retaining Kass as a captain. While a shipowner owes a duty to exercise reasonable care in selecting a master and crew, *see Kersey v. Am. River Transp. Co.*, 353 F. Supp. 2d 683, 696 (E.D. La. 2004) (quoting Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 6–22, at 348 (4th ed. 2004)), a claim that a shipowner breached that duty requires more than a formulaic recitation of the elements of the cause of action. *Twombly*, 550 U.S. at 555. The relevant portions of the Amended Claim merely allege, without factual support, that Marquette is liable to claimants for "negligent hiring of" and "negligent entrustment to a reckless, incompetent and/or unsafe captain."[16] The Tran claimants provide no facts demonstrating how Marquette's hiring process failed to conform to the applicable standard of care. Nor do they plead facts to support the conclusion that Kass was "reckless" and "incompetent" at the time

---

[16] R. Doc. 54 at 3.

9

Marquette hired him.  *Cf. Patterson v. Omega Protein, Inc.*, No. CIV.A. 13-6293, 2014 WL 4354461, at *7 (E.D. La. Sept. 2, 2014) (finding that plaintiff could not recover for against vessel owner for negligent hiring when there was no indication that the negligence of a crew member who harmed plaintiff was reasonably foreseeable when the crew member was hired). Finally, as to the claim of negligent retention, the Amended Claim is devoi of facts tending to show that a reasonable employer would have terminated Kass prior to the collision that killed John Tran.  Thus, the Tran claimants fail to state a plausible negligence claim against Marquette based on its hiring and retention of Kass.

To resist this conclusion, the Tran claimants ask the Court to consider public records demonstrating that Kass has multiple felony convictions. While it is true that district courts may consider matters of public record without converting a motion for judgment on the pleadings into a motion for summary judgment, *Stringer v. Davis Mountain Prop. Owners Ass'n, Inc.*, 81 F. App'x 502 (5th Cir. 2003), the Tran claimants give no argument explaining why Kass's criminal history rendered him unfit to operate the FATHER SEELOS.[17]  Because the Tran claimants fail to explain how Kass's

---

[17]  While the Tran claimants do argue that the felony convictions suggest that Marquette should have conducted a background check on

convictions cure the deficiencies in their Amended Claim, the Court will not consider them in ruling on Marquette's motion for judgment on the pleadings. Accordingly, Marquette is entitled to judgment on the pleadings on the Tran claimants' negligent hiring and negligent retention claims.

## C. Gross Negligence

Marquette also challenges the sufficiency of the Tran claimants' allegations of gross negligence. As with the negligent hiring and negligent retention claims, Marquette contends that the Tran claimants' pleadings are conclusory and devoid of supporting factual material.[18]

Gross negligence is defined as reckless and wanton misconduct. *See Miles v. Melrose*, 882 F.2d 976, 989 (5th Cir. 1989). Gross negligence is distinguished from ordinary negligence in that it "encompasses harm that is willfully inflicted or is caused by the wanton and reckless disregard for the safety of others." *See Computalog U.S.A., Inc. v. Blake Drilling & Workover Co., Inc.*, No. 95–3009, 1996 WL 720761, at *2 (E.D. La. Dec. 9, 1996) (citing *Todd Shipyards Corp. v. Turbine Serv., Inc.*, 674 F.2d 401,

---

Kass, R. Doc. 60 at 3-4, the Amended Claim does not allege that Marquette perform or background check; nor does it allege any other deficiencies in Marquette's pre-hire investigation of Kass's personal history.

[18] R. Doc. 58-1 at 4.

411 (5th Cir. 1982)).

Here, the Tran claimants have not alleged facts demonstrating that Marquette acted willfully or with wanton and reckless disregard for safety. Although the Amended Claim alleges that the collision was "the result of the negligence and gross negligence of [Marquette],"[19] and that "Marquette's actions were willful and wanton,"[20] it provides no factual allegations to support these conclusions. Moreover, the facts that the Amended Claim does allege—that the FATHER SEELOS "failed to keep a proper lookout,"[21] "failed to properly and safely navigate the vessel,"[22] and "*negligently* r[ode] on the wrong side of the channel"[23]—suggest ordinary negligence, not willful and wanton misconduct. The Amended Claims therefore fails to allege enough facts to move the Tran claimants' gross negligence claim "across the line from the conceivable to the plausible." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Twombly*,

---

[19] R. Doc. 54 at 2.

[20] *Id.* at 4.

[21] *Id.* at 2.

[22] *Id.*

[23] *Id.* at 3 (emphasis added).

12

550 U.S. at 570).  The Court grants Marquette's motion for judgment on the pleadings on the gross negligence claim.

### D.    Punitive Damages

Finally, Marquette challenges the Tran claimants' claim for punitive damages.   Marquette does not contend that punitive damages are unavailable as a matter of law.  Rather, it argues that to the extent punitive damages are available, a punitive damages claim requires proof of reckless, willful, and wanton conduct, which the Tran claimants fail to allege.[24]

The general maritime law provides for a remedy of punitive damages in certain, limited situations.  *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of* Mexico, on Apr. 20, 2010, 21 F.Supp.3d 657, 749 (E.D. La. 2014). Importantly, "punitive damages recovery always requires a finding of willful and wanton conduct" on the part of the alleged wrongdoer.  *Stowe v. Moran Towing Corp.*, 995 F. Supp. 2d 570, 579 (E.D. La. 2014) (quoting *McBride v. Estis Well Service, LLC*, 731 F.3d 505, 517–18 (5th Cir. 2013)). In addition, Fifth Circuit precedent precludes a finding of punitive damages against an employer unless the plaintiff pleads and proves either: (1) "wanton misconduct derived from a corporate policy," or (2) that "a

---

[24] R. Doc. 58-1 at 4.

corporate official with policy-making authority participated in, approved of, or subsequently ratified the egregious conduct." *Collins v. A.B.C. Marine Towing, L.L.C.*, No. CIV.A. 14-1900, 2015 WL 5970392, at *4 (E.D. La. Oct. 14, 2015) (citing *In re Oil Spill*, 21 F.Supp.3d at 749).

As noted, the Tran claimants fail to allege facts demonstrating willful or wanton misconduct by Marquette or any of its employees. Nor is there any allegation concerning policy-makers or corporate policies that would warrant imposing punitive damages on Marquette for the acts of its employees. *Cf. In re Oil Spill by Oil Rig Deepwater Horizon*, 21 F. Supp. 3d at 749-50 (finding that employer was not liable for punitive damages under general maritime law when engineers whose recklessness caused well blowout were not policy-making officials and their conduct did not emanate from any corporate policy). The Court therefore grants Marquette's motion for judgment on the pleadings on the claim for punitive damages.

### E. Leave to Amend

The Tran claimants request leave to amend their claim to better allege their causes of action. Ordinarily, courts grant such requests unless it appears that amendment would be futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) (noting that leave to amend should be freely given when the complaint is subject to dismissal for failure

14

to state a claim unless such leave would be futile); *Davis v. Teva Pharm. USA, Inc.*, No. CIV.A. 13-6365, 2014 WL 4450423, at *4 (E.D. La. Sept. 10, 2014) (noting that courts generally grant leave to amend in the context of judgment on the pleadings for failure to state claim); *Sekil v. ADT Sec. Servs. Inc.*, No. H–08–0510, 2008 WL 4844209, at *3 (S.D. Tex. Nov. 3, 2008) (stating that requests to amend pleadings are routinely granted when made in response to a motion for judgment on the pleadings).

Here, it appears that it would not be futile to grant the Tran claimants leave to amend their negligent hiring and negligent retention claims.  In their opposition to Marquette's motion for judgment on the pleadings, the Tran claimants suggest that, despite Kass's criminal record and alleged inexperience, Marquette hired him as a captain without conducting any inquiry into his personal history and qualifications.  Because these allegations, if true, could plausibly give rise to a claim that Marquette breached its duty "to select a competent master and crew," *Kersey*, 353 F. Supp. 2d at 696, the Court grants the Tran claimants five (5) days to amend its claim that Marquette was negligent in the hiring and retention of Kass as the captain of the FATHER SEELOS.

The Court will not allow the Tran claimants to amend their gross negligence or punitive damages claims, as amendment would be futile.  To

15

support an earlier motion for leave to amend, the Tran claimants submitted a "Proposed Second Amended Claim."[25]  That document, which the Tran claimants filed after Marquette moved for judgment on the pleadings and with the benefit of Marquette's briefing on the issue, purports to correct pleading defects in the Amended Claim.  In fact, it merely repeats the Tran claimants' failure to allege facts tending to show either gross negligence or willful or wanton misconduct.  The Proposed Second Amended Claim alleges, for instance, that Marquette was grossly negligent in hiring Kass without conducting a pre-hire background check.[26]  It also repeats the Amended Claim's allegation that Kass drove the FATHER SEELOS on the wrong side of the channel—adding only the conclusory assertion that this conduct was not merely negligent but grossly negligent.[27]  Based on these allegations, the Proposed Second Amended Claim contends that Marquette is liable for punitive damages.

---

[25] R. Doc. 69-3.

[26] *Id.* at 5.

[27] *Compare* R. Doc. 54 at 3 (alleging that the FATHER SEELOS's captain was "negligently riding on the wrong side of the channel"); *with* R. Doc. 69-3 at 5 (alleging that "Kass was grossly negligent in riding on the wrong side of the channel").

16

Like the Tran claimants' current claims, the proposed allegations sound in ordinary negligence. The Tran claimants do not contend that Marquette knew that Kass was unfit to operate the FATHER SEELOS at the time they hired him; nor is there any allegation that Marquette was aware of facts indicating an unacceptably high degree of risk that Kass was unqualified for the position. While Marquette's alleged failure to inquire into Kass's criminal history may suggest a lack of due care, it does not rise to the level of gross negligence. *See Maritrans Operating Partners v. Diana T*, No. CIV. A. 97-1916, 1999 WL 144458, at *8 (E.D. La. Mar. 15, 1999) (finding that although a company's failure to drug-test its employees was negligent, it did not rise to the level of gross negligently conduct). Because the Tran claimants' proposed amendment would be futile, the Court denies the Tran claimants leave to amend their gross negligence and punitive damages claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Marquette's motion for judgment on the pleadings. The Tran claimants shall have five (5) days from the entry of this order to amend their claim that Marquette was negligent in hiring and retaining Kass as captain of the FATHER SEELOS.

17

All other claims addressed in Marquette's motion are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 20th day of April, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

18